UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON, | CASE NO. C21-5845 MJP |
| Petitioner, | ORDER ON PETITION FOR HABEAS CORPUS |
| v. | |
| UNITED STATES PROBATION AND PRETRIAL SERVICES, | |
| Respondent. | |

This matter comes before the Court on Petitioner Antoine Douglass Johnson's Petition for Habeas Corpus. (Dkt. No. 1.) Having reviewed the Petition, the Government's Response and Reply to the Petition (Dkt. Nos. 14, 16), Johnson's Replies and Surreplies (Dkt. Nos. 15, 17), and all supporting materials, the Court DISMISSES the Petition for lack of subject matter jurisdiction.

**BACKGROUND**

Appearing pro se and on supervised release, Johnson has filed a writ of habeas corpus ostensibly under 28 U.S.C. § 2241, challenging his 2011 federal conviction for health care fraud, filing false income taxes, and distribution of controlled substances. Johnson asserts his actual innocence, claiming that the Government introduced false testimony from a medical biller and a federal agent at trial and that the prosecutor made a false statement in closing. (Dkt. No. 1 at 10.) Johnson asks the Court to reverse his conviction and sentence. (Id.)

This is not the first time Johnson has sought post-conviction relief on the same theory and evidence. After losing a direct appeal of his conviction before the Ninth Circuit, Johnson filed a petition under 28 U.S.C. § 2255 seeking to vacate his convictions, including a claim of actual innocence premised on his theory he ran a substance abuse facility. Johnson v. U.S.A., C14-6018RBL, Dkt. No. 1 (W.D. Wash.). Judge Leighton dismissed the petition, finding, in part, that Johnson failed to articulate a claim of actual innocence and that he was barred from relitigating the claim. Id., Dkt. No. 15 at 8-9. Between 2016 and 2018, Johnson filed five § 2241 petitions in the Eastern District of California attacking his conviction, four of which raised the same or similar actual innocence claims. See Johnson v. Salazar, 2:17-cv-1310-JAM-KJN ("Salazar I"); Johnson v. Ponce, 2:16-cv-1037-JAM-AC ("Ponce"); Johnson v. Salazar, 2020 WL 901479, at *4 (E.D. Cal. Feb. 25, 2020), report and recommendation adopted, 2020 WL 1274132 (E.D. Cal. Mar. 17, 2020) ("Salazar II"); Johnson v. Thompsen, No. 2:18-cv-1977-JAM-AC ("Thompsen I"); Johnson v. Thompsen, No. 2:18-cv-2580-MCE-AC ("Thompsen II"). These courts found that the petitions failed to present claims of actual innocence, and were actually unauthorized successive § 2255 petitions over which they did not have subject matter jurisdiction. And just last year Johnson filed an almost identical habeas petition under 28 U.S.C. § 2241 asserting the same claims as presented here. (Dkt. No. 1 at 10 (citing Johnson v. U.S. Probation and Pretrial Servs., C21-5269-JCC-DWC (W.D. Wash. Aug. 31, 2021)).) All of the materials Johnson has filed in support of his current petition were filed in the prior

ORDER ON PETITION FOR HABEAS CORPUS - 2

petition assigned to Judge Coughenour. (Compare Dkt. No. 1 with Johnson, C21-5269, Dkt. No. 1.) Judge Coughenour dismissed the petition as an authorized successive § 2255 petition that did not satisfy the actual innocence "escape hatch" that might allow the petition to be treated as a § 2241 petition. The Ninth Circuit affirmed the dismissal. Johnson, C21-5269 Dkt. No. 64. The Ninth Circuit has not authorized the present petition.

## ANALYSIS

A.   **Subject Matter Jurisdiction**

The Court must first review Petitioner's habeas petition to determine whether it has subject matter jurisdiction over it. See Fed. R. Civ. P. 12(h)(3); Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006); Rules 1 and 4 of the Rules Governing 28 U.S.C. § 2254. To do so, the Court must assess whether the petition is properly construed as a § 2241 petition or an unauthorized successive § 2255 petition over which it does not have jurisdiction.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citation omitted). And successive petitions under § 2255 are barred unless the Court of Appeals authorizes it after finding: (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." See 28 U.S.C. § 2244(b)(2) and (3).

An unauthorized habeas petition challenging the legality of a sentence may avoid the successive petition bar if it meets the "escape hatch" of Section 2255(e)—in which case it is properly considered a Section 2241 petition. "Under the 'escape hatch' provision of § 2255(e) [] a federal

prisoner may file a § 2241 petition, but only if the § 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021) (quoting 28 U.S.C. § 2255(e)). "A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits." Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). But relief under Section 2255 is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent a prisoner from filing a second or successive motion in the sentencing court. Ivy, 328 F.3d at 1059 (citation omitted).

A Section 2241 petition is permissible under the "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. Stephens, 464 F.3d at 898. "[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. And to demonstrate the absence of an unobstructed shot to raise the claim, the petitioner must show that the claim did not become available until after exhaustion of a direct appeal and the petitioner's first Section 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

Johnson has not demonstrated compliance with the "escape hatch." First, Johnson has not alleged that he is actually, factually innocent of the crimes of which he was convicted. Stephens, 464 F.3d at 898. Instead, he claims that the jury heard false testimony from a medical biller and an agent, and that the prosecutor made a false statement in closing that could have affected the jury's verdict. Under Johnson's theory, the jury might have reached a different conclusion had it known about the falsity of these witnesses and the closing argument. But this does not demonstrate that Johnson is actually innocent of the crimes. Even accepting as true—for the sake of argument—that these

statements were false, Johnson has not "'demonstrate[d] that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. (citation omitted). He has failed to show a viable claim for actual innocence. Second, even Johnson had made such a showing, he fails to demonstrate that he has not had an "unobstructed procedural shot" at presenting this claim. See id. Johnson argues that the court considering his actual innocence claim brought in a prior action brought under § 2241 misapplied the law. But that does not show he wasn't afforded an unobstructed procedural shot in presenting his claim. Nor does he suggest that the facts supporting his current petition did not become available until after he had exhausted his direct appeal and his § 2255 motion. For these reasons, the Court finds that Johnson has failed to meet the § 2255(e) "escape hatch" and that his petition is properly construed as an unauthorized successive § 2255 petition over which the Court lacks subject matter jurisdiction. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). The Court also DENIES Johnson's request for an evidentiary hearing as unnecessary because the determination of the Court's subject matter jurisdiction presents only issues of law. See 28 U.S.C. § 2243.

Johnson argues that he may bring his habeas claims under § 2241 simply be showing a "miscarriage of justice" or "cause and prejudice." (Dkt. No. 15 at 3 (citing McQuiggin v. Perkins, 569 U.S. 383 (2013).) Johnson's argument misses the mark. In McQuiggin, the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations." McQuiggin, 569 U.S. at 386. But this rule has application only if the Court first determines that a successive § 2255 meets the actual innocence "escape hatch" and can be considered a § 2241 petition. Only then would the Court need to analyze whether a separate procedural bar should be set aside to avoid a miscarriage of justice or

for cause and prejudice. Because the Court lacks subject matter jurisdiction, the rule announced in McQuiggin has no bearing to the Court's decision.

**B.    Intervention**

Petitioner's mother and co-defendant, Lawanda Johnson, has filed a motion to intervene in this matter. (Dkt. No. 7.) Ms. Johnson argues that she has a right to intervene under Rule 24(a)(2) on the theory that Johnson's habeas petition also calls into question the constitutionality of her own conviction. There are two problems with this argument. First, the request itself is moot given the Court's determination that it lacks subject matter jurisdiction over Johnson's petition. Second, Ms. Johnson must file her own habeas petition in order to challenge the constitutionality of her conviction. Rule 2(d) of the Rules Governing Section 2255 Proceedings makes this clear, as it requires the "moving party who seeks relief from more than one judgment [to] file a separate motion covering each judgment." As such, the Court DENIES the Motion to Intervene.

**C.    Certificate of Appealability**

A petitioner may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Johnson has not demonstrated that reasonable jurists could conclude that the issues he presents deserve

encouragement to proceed further. The Court therefore refuses to issue a COA as to the claims presented.

## CONCLUSION

The Court lacks subject matter jurisdiction to review Johnson's habeas claims related to his 2011 conviction. Although styled a Section 2241 petition, the present habeas petition is an unauthorized successive Section 2255 petition that fails to meet the escape hatch under Section 2255(e). The Court therefore DISMISSES the petition without prejudice and DENIES the request for an evidentiary hearing. And the Court DENIES Lawanda Johnson's Motion to Intervene. The Court will not issue a COA.

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated February 16, 2022.

Marsha J. Pechman
United States Senior District Judge