UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. C21-5845 MJP<br><br>ORDER DENYING POST-JUDGMENT MOTIONS |

This matter comes before the Court on Petitioner Antoine Douglass Johnson's Motion to Alter or Amend the Judgment (Dkt. No. 20), Motion for Amended or Additional Findings (Dkt. No. 21), Second Motion to Alter or Amend the Judgment (Dkt. No. 24), Second Motion for Amended or Additional Findings (Dkt. No. 25), and Request for Certificate of Appealability (COA) (Dkt. No. 28). Having reviewed the Motions, the Responses (Dkt. Nos. 27, 31), the Replies (Dkt. Nos. 30, 32), and all supporting materials, the Court DENIES the Motions and Request for a COA.

ORDER DENYING POST-JUDGMENT MOTIONS - 1

**BACKGROUND**

The Court dismissed Johnson's habeas petition, finding it to be an unauthorized successive § 2255 petition over which the Court lacks subject matter jurisdiction. (See Order of Dismissal, Dkt. No. 18.) Johnson now asks the Court to reconsider its decision for a variety of reasons. First, Johnson argues that the Court applied an incorrect legal standard in determining his claim of actual innocence and that he is entitled to relief under Fed. R. Civ. P. 59(e) and Local Rule 7(h). (Dkt. No. 20.) Second, citing Fed. R. Civ. P 52(b), Johnson asks the Court to make an "additional finding of fact" that he had presented "new reliable" evidence supporting his "actual innocence" claim. (Dkt. No 21.) Third, invoking Fed. R. Civ. P. 59(e), Johnson argues that he is entitled to an evidentiary hearing on the question of whether he was denied a "full and fair" opportunity to present his first § 2255 habeas petition. (Dkt. No. 24.) Fourth, citing Rule 52(b), Johnson asks the Court makes a new "finding" that "the ends of justice" would be met if he were allowed to relitigate his "'holds itself out' claim' previously decided against" him. (Dkt. No. 25.) Lastly, Johnson asks the Court to issue a COA. (Dkt. No. 28.)

**ANALYSIS**

**A.      Standard**

The Court has wide discretion under Rule 59(e) to amend or alter the judgment. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). In general, the Court may amend its judgment: (1) to correct "manifest errors of law or fact" on which the judgment rests, (2) when presented with newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). This same standard applies to motions brought under Rule 52(b), which permits a party to ask

the Court to "amend its findings—or make additional findings—and [] amend the judgment accordingly." Fed. R. Civ. P. 52(b). Additional or amended findings under Rule 52(b) may be appropriate but only if the moving party presents new evidence that could not have been offered before the judgment was entered. See Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 998 (9th Cir. 2001).

Johnson's Motions also ask for reconsideration which is "disfavored" in this District. See Local Rule 7(h)(1). Per Local Rule 7(h), the Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

**B.     Motions Regarding Johnson's "Actual Innocence" Claim**

Johnson fails to show any manifest error or new evidence that undermines the Court's Dismissal Order finding that Johnson's petition falls outside the § 2255(e) escape hatch.

Johnson's Motion to Amend the Judgment incorrectly argues that the Court applied the wrong standard when determining that Johnson had not met the criteria for meeting the § 2255(e) escape hatch. (Dkt. No. 20.) The Court's Dismissal Order explained the standard as follows:

> A Section 2241 petition is permissible under the "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. Stephens, 464 F.3d at 898. "[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. And to demonstrate the absence of an unobstructed shot to raise the claim, the petitioner must show that the claim did not become available until after exhaustion of a direct appeal and the petitioner's first Section 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

(Order of Dismissal at 3 (Dkt. No. 18).) Johnson's Motion does not take issue with this standard. Instead, Johnson suggests that the Court misapplied a "harmless error" standard in assessing his "Napue" claim of actual innocence. (Mot. at 2-3.) But Johnson's argument misapprehends the legal issue before the Court, which was to determine whether Johnson had satisfied the § 2255(e) escape hatch necessary to permit a successive, unauthorized § 2255 petition. As the Court explained, Johnson was required to show actual, factual innocence and "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S at 623. Johnson fails to show any manifest error in the Court's determination that Johnson failed to meet this burden or that the Court applied an incorrect standard. None of the cases Johnson cites to consideredd application of the § 2255(e) escape hatch, rendering them inapplicable to the salient legal issue. (See Dkt. No. 20.) The Court DENIES the Motion to Amend (Dkt. No. 20). The court also notes that Johnson has not argued that the Court committed any error in finding that he already had an unobstructed procedural shot at presenting this argument, which remains an independent reason for which the § 2255(e) escape hatch does not apply.

The Court also finds no merit in Johnson's related Motion for Amended or Additional Findings. (Dkt. No. 21.) First, the Court made no findings of fact in ruling on his habeas petition. Having made no factual findings, there is nothing for the Court to amend. Second, even if the Court had, there is no merit in the requested amendment to the judgment. Johnson has not shown that the evidence he cites to was newly acquired after entry of the judgment. Even if it was, the purported "new reliable evidence" does not alter the Court's conclusion that Johnson has not made a showing of actual innocence to support application of the § 2255(e) escape hatch. The Court therefore DENIES the Motion (Dkt. No. 21.)

1  **C.     Motions Regarding Evidentiary Hearing**

2  Citing <u>Sanders v. United States</u>, 373 U.S. 1 (1963), Johnson's second Rule 59(e) Motion
3  asks the Court to revisit its denial of his request for an evidentiary hearing on the theory that he
4  was not afforded a "full and fair" hearing on his first § 2255 habeas petition. (Dkt. No. 24.)
5  Johson's Motion fails to show manifest error or any basis for relief.

6  Johnson argues that he was denied a "full and fair" hearing on his first § 2255 petition
7  and that this entitles him to pursue a successive § 2255 motion. (Dkt. No. 24.) But Johnson
8  identifies no new evidence that could not or was not already presented to the Court before it
9  found that it lacks subject matter jurisdiction over Johnson's unauthorized successive § 2255
10 habeas petition. Nor does Johnson's Motion present any basis to conclude he was denied a "full
11 and fair" hearing on his first § 2255 petition in front of Judge Leighton. Johnson identifies no
12 grounds for the Court to revisit its earlier decision and the Court DENIES the Motion (Dkt. No.
13 24).

14 Similarly, in his second Rule 52(b) Motion, Johnson asks the Court to find that he should
15 be permitted to "religitat[e]" the merits of "the 'holds itself out' claim previously decided against
16 [him]" in his prior §2255 motion. (Dkt. No. 25.) This argument appears to further Johnson's
17 claim that he was denied a "full and fair" opportunity to present his arguments on his first § 2255
18 pettiion. This argument fails for the same reasons as explained in the preceding paragraph. And
19 given that the Court has not issued any findings of fact that might be amended through Rule
20 52(b), the Motion asks for inappropriate relief. Additionally, Johnson's proposed "findings" are
21 not properly considered factual findings. The Court DENIES the Motion (Dkt. No. 25).

22
23
24

### D. Certifcate of Appealability

Johnson again asks for a certificate of appealability. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). Johnson continues not to demonstrate that reasonable jurists could conclude that the issues he presents deserve encouragement to proceed further. The Court again DENIES Johnson's request for a COA.

## CONCLUSION

Johnson has not persuaded the Court that there exists any basis on which to amend or alter the judgment entered in this matter. The Court DENIES all of the post-judgment Motions filed and DENIES the request for a COA. The matter remains closed.

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated March 8, 2022.

Marsha J. Pechman
United States Senior District Judge